## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSHUA BERNARD SMITH, | Case No. 18-CV-3478 (SRN/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| TIM LESLIE and RYAN MALCOLM, | |
| Defendants. | |

This matter is before the Court on Plaintiff Joshua Bernard Smith's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983, ECF No. 1 (Complaint), and his Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 (IFP Application). For the following reasons, the Court recommends dismissal of this action without prejudice.

After reviewing the IFP Application, this Court concludes that Smith qualifies financially for IFP status. But an IFP application will be denied, and an action dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *see also Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all

of the complaint's factual allegations and draw all reasonable inferences in the plaintiff's favor. *See Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). The complaint's factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the complaint's sufficiency, the court may disregard legal conclusions that are couched as factual allegations. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

As the Court construes Smith's Complaint, hecontends that authorities violated his rights of free travel and to be free of racial discrimination when he was arrested on May 4, 2018. Compl. 6. Smith asserts that this arrest occurred due to "racial profiling," that it constituted a kidnapping, and that property taken during the arrest (a vehicle and over $13,000 in cash) was unlawfully seized. *Id.* at 6–7. Smith's request for relief asks for, among other things, a return of his property as well as compensatory and punitive damages. *Id.* at 7.

Public records indicate that Smith's May 2018 arrest led to him being charged by Minnesota authorities with numerous crimes. *See* Register of Actions, *State v. Smith*, Case No. 19HA-CR-18-2000 (various charges dated May 4, 2018), *available at* http://pa.courts.state.mn.us (last visited Feb. 4, 2019). Those charges culminated in a January 2019 trial at which Smith was found guilty of three felonies; sentencing is due to

occur in March 2019.  *See id.* (indicating convictions for one felony count of controlled-substances possession and two felony counts of driving while impaired).  The upshot is that Smith's challenge to his arrest implicates a present state-court criminal conviction.

This leads Smith's present action headlong into the barrier posed by the U.S. Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486–87 (footnote and citation omitted).  In other words, one cannot maintain a civil action that, if successful, would necessarily cast doubt on the validity of his facially valid confinement.  *See, e.g.*, *Holmes v. Remark*, No. 18-CV-0155 (PJS/SER), 2018 WL 1720922, at *2 (D. Minn. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1720914 (D. Minn. Apr. 9, 2018).  And while *Heck* concerned claims for monetary damages, "claims for injunctive relief that would necessarily imply the invalidity of a conviction or sentence likewise cannot be raised in a § 1983 action until after the criminal judgment has been expunged, vacated, or otherwise called into question." *Hollie v. Roy*, Case No. 17-CV-1434 (PJS/SER), 2017 WL 2841230, at *3 (D. Minn. May 30, 2017) (citing *Skinner v. Switzer*, 562 U.S. 521, 533 (2011)), *report and recommendation*

*adopted*, 2017 WL 2838127 (D. Minn. June 30, 2017).  As a result, the fact that Smith seeks certain injunctive relief alongside his damages claims does not blunt *Heck*'s impact on this action.

As a result of *Heck*, until Smith successfully challenges the legality of his January 2019 conviction, he cannot seek relief resulting from his May 2018 arrest in a suit under § 1983.  Any such claim must be dismissed without prejudice.  *See Gautreaux v. Sanders*, 395 F. App'x 311, 312 (8th Cir. 2010) (per curiam) (modifying dismissal under *Heck* to be without prejudice) (citing *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995)).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this action be DISMISSED WITHOUT PREJUDICE.

Dated: February 7, 2019                              s/ *Steven E. Rau*
                                                                    Steven E. Rau
                                                                    U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local

5

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).