UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua-Bernard Smith,<br><br>Plaintiff,<br><br>v.<br><br>Tim Leslie and Ryan Malcolm,<br><br>Defendants. | Case No. 18-cv-3478 (SRN/SER)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Joshua-Bernard Smith, P.O. Box 2475, Hastings, MN 55033, pro se.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the objections ("Objections") [Doc. No. 9] of Plaintiff Joshua-Bernard Smith to Magistrate Judge Steven E. Rau's Report and Recommendation ("R&R") [Doc. No. 8] recommending that this Court deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") [Doc. No. 2] and dismiss Plaintiff's Complaint [Doc. No. 1] without prejudice. The Court overrules Plaintiff's objections, adopts the R&R in full, denies Plaintiff's IFP Application, and dismisses Plaintiff's action without prejudice.

**I.    Background**

On December 26, 2018, Plaintiff filed a Complaint for violation of his civil rights under 42 U.S.C. § 1983. (Compl. [Doc. No. 1] at 6.) Plaintiff claims that, when he was arrested on May 4, 2018, law enforcement violated his right of free travel and his right to be free of racial discrimination. (*Id.*) Plaintiff contends that he was arrested solely

1

because of "racial profiling," that his arrest was actually kidnapping, and that the property taken from him during the arrest, including a car and over $13,000 in cash, was unlawfully seized. (*Id.* at 6–7.) Plaintiff requests the return of his property as well as compensatory and punitive damages. (*Id.* at 7.)

Plaintiff's May 4, 2018 arrest led him to be charged with numerous crimes. *See* Register of Actions, *State v. Smith*, No. 19HA-CR-18-2000 (May 4, 2018), *available at* http://pa.courts.state.mn.us (last visited March 5, 2019). After a jury trial in January 2019, Plaintiff was found guilty of three felonies—one count of possession of a controlled substance and two counts of driving while impaired. (*Id.*) His sentencing is scheduled for March 2019. (*Id.*)

In his R&R, Magistrate Judge Rau found that, while Plaintiff qualifies financially for in forma pauperis ("IFP") status, because Plaintiff's Complaint fails to state a claim upon which relief may be granted, his action should be dismissed. (R&R at 1.) Specifically, the magistrate judge notes that under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff cannot maintain a civil case that, if successful, would necessarily cast doubt on the validity of his facially valid confinement. (*Id.* at 3.) This means Plaintiff may not bring his claim until his criminal judgment has been "expunged, vacated, or otherwise called into question." *Hollie v. Roy*, Case No. 17-CV-1434 (PJS/SER), 2017 WL 2841230, at *3 (D. Minn. May 30, 2017). Therefore, Magistrate Judge Rau concluded that until Plaintiff successfully challenges the legality of his conviction, he cannot seek relief from his arrest under § 1983. (*Id.* at 4.)

On February 25, 2019, Plaintiff objected to Magistrate Judge Rau's R&R. Plaintiff

2

objects to Magistrate Judge Rau's conclusion that Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Pl's Objections at 2.) In addition, Plaintiff includes a number of wide-ranging and scattered objections such as contentions that the Court lacks jurisdiction, Magistrate Judge Rau failed to afford Plaintiff the same security as held by other United States citizens, and that Plaintiff is a corporation and should be treated as one. (*See generally* Pl's Objections.)

## II. Discussion

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B. Analysis

Objections which are not specific but merely parrot arguments already presented to and considered by the magistrate judge are not entitled to *de novo* review. *Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15–cv–2626 (SRN/JSM), 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017) (citing *Mashak v. Minnesota*, No. 11–cv–473 (JRT/JSM), 2012

3

WL 928251, at *2 (D. Minn. Mar. 19, 2012)). Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted). Thus, a party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. *Hammann v. 1–800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006).

Plaintiff's only objection that raises an argument previously presented to Magistrate Judge Rau is his contention that his IFP Application should not have been dismissed for failure to state a claim. However, if an IFP applicant files a complaint that fails to state a cause of action upon which relief may be granted, the Court may dismiss the action and concurrent IFP petition. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Because the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court applies Rule 12(b)(6) standards when evaluating dismissals under § 1915(e)(2)(B)(ii). *Washington v. Vaghn*, No. 14–CV–525 (JRT/JSM), 2014 WL 3687240, at *3–4 (D. Minn. July 24, 2014) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Atkinson*, 91 F.3d at 1128–29 (applying standard of review for failure to state a claim under Rule 12(b)(6) applicable at the time to a dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)).

When evaluating a complaint under Rule 12(b)(6), the Court assumes the facts in the complaint to be true and construes all reasonable inferences from those facts in the

light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). A pro se complaint must be liberally construed, *Atkinson*, 91 F.3d at 1129 (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)), but a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

Plaintiff cannot maintain a civil case that, if successful, would necessarily cast doubt on the validity of his facially valid confinement. *Heck*, 512 U.S. at 477. Because Plaintiff's criminal judgment has not been expunged or vacated, Magistrate Judge Rau properly concluded that Plaintiff cannot seek relief from his arrest under § 1983. (R&R at 4 (citing *Hollie v. Roy*, Case No. 17-CV-1434 (PJS/SER), 2017 WL 2841230, at *3 (D. Minn. May 30, 2017).) As such, Plaintiff's objection is overruled.

Plaintiff's additional arguments, which were not raised in his Complaint, lack any factual or legal basis upon which Plaintiff can state a claim. Plaintiff has not provided support for his assertions that this Court lacks jurisdiction, that Magistrate Judge Rau did not treat him as he would any other United States citizen, or that Plaintiff is a corporation.

5

(*See generally* Pl's Objections.) Therefore, all of Plaintiff's additional objections are overruled.

**III. Conclusion**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Joshua-Bernard Smith's Objections [Doc. No. 9] are **OVERRULED**;

2. Magistrate Judge Rau's R&R [Doc. No. 8] is **ADOPTED** in its entirety;

3. Plaintiff Joshua-Bernard Smith's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] is **DENIED**; and

4. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 6, 2019                         s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge